# Illinois Official Reports

## Appellate Court

---

**Grundhoefer v. Sorin, 2014 IL App (1st) 131276**

---

| | |
|---|---|
| Appellate Court Caption | DAVA GRUNDHOEFER, Plaintiff-Appellant, v. JOHN SORIN, BETTE SORIN and JAMES J. ROCHE, Individually, and JAMES J. ROCHE ASSOCIATES, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-13-1276 |
| Filed | October 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court reversed the dismissal of plaintiff's malicious prosecution complaint based on the wrongful death action filed against her by the parents of her husband following her husband's death in a fall while climbing on the outside of their house, since the parents lacked probable cause to bring the malicious prosecution action, notwithstanding their allegations that plaintiff, a licensed physician, proximately caused her husband's death by negligently prescribing Ambien for him, even though a side effect of the drug is sleepwalking and she knew he had a propensity for sleepwalking, since plaintiff alleged that the wrongful death action, which was dismissed after the conclusion of the deceased husband's contentious probate proceedings, was filed to gain leverage in those proceedings and the claim that the wrongful death action was filed for improper reasons should have been left to be decided by the jury rather than being resolved on a motion to dismiss, and, with respect to the defamation claim, plaintiff sufficiently pled the absence of probable cause, and pursuant to section 2-109 of the Code of Civil Procedure, she was not required to plead a special injury where defendants' wrongful death action was based on medical malpractice, but plaintiff's pleadings did not allege sufficient facts to state a cause of action for defamation *per se*. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-000736; the Hon. Randye A. Kogan, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |
| Counsel on Appeal | Novoselsky Law Offices, of Chicago (David A. Novoselsky and Ryan A. Navarra, of counsel), for appellant. |
| | Ruberry, Stalmack & Garvey, LLC, of Chicago (Edward F. Ruberry and David S. Allen, of counsel), for appellees James J. Roche and James J. Roche & Associates. |
| | Meckler Bulger Tilson Marick & Pearson LLP, of Chicago (Richard A. Devine and Seth E. Darmstadter, of counsel), for appellees John Sorin and Bette Sorin. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justice Cunningham concurred in the judgment and opinion. Justice Connors dissented, with opinion. |

## OPINION

¶ 1    Plaintiff, Dava Grundhoefer, appeals the order of the circuit court granting the motions of defendants John Sorin and Bette Sorin (Sorins) and James J. Roche and James J. Roche & Associates (collectively Roche) to dismiss with prejudice Grundhoefer's second amended complaint alleging malicious prosecution and defamation *per se* pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)). On appeal, Grundhoefer contends the trial court erred in dismissing her complaint where (1) regarding her malicious prosecution claim, she alleged sufficient facts showing the Sorins lacked probable cause to bring the underlying wrongful death suit against her; and (2) regarding her defamation *per se* claim, she sufficiently pled the publication element against all defendants. For the following reasons, we affirm the trial court's dismissal of the defamation *per se* counts, but reverse the dismissal of the count pertaining to malicious prosecution and remand for further proceedings.

¶ 2                                        JURISDICTION

¶ 3    The trial court granted defendants' motions to dismiss, with prejudice, on April 15, 2013. Plaintiff filed the notice of appeal on April 17, 2013. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                                        BACKGROUND

¶ 5         Grundhoefer, a licensed physician, was married to the Sorins' son David. David died on August 11, 2008, when he suffered a fall while climbing on the outside of their residence. David died intestate and his estate was filed in probate. Grundhoefer was appointed administrator of the estate and she served upon the Sorins a citation to discover assets. A dispute between the parties arose during these proceedings, specifically regarding the ownership of a 2007 Hyundai Santa Fe vehicle. On July 21, 2010, while the probate dispute was pending, the Sorins filed a wrongful death suit against Grundhoefer in which they alleged that Grundhoefer prescribed Ambien to David even though a side effect of taking the drug is sleepwalking, and Grundhoefer knew of David's propensity for sleepwalking. The suit alleged that Grundhoefer's actions in prescribing Ambien to David were "negligent" or "careless" and proximately caused David's death.

¶ 6         Grundhoefer claimed she was never served with the wrongful death suit and only learned of its existence from a July 22, 2010, Chicago Sun-Times (Sun-Times) article discussing the case. Grundhoefer alleged that as a result of the article, a producer from the television show Dr. Phil contacted her to appear on a show about Ambien. Grundhoefer also reported the wrongful death claim to her malpractice insurance carrier, her employer, and the Illinois Department of Financial and Professional Regulation. On August 17, 2010, an order was entered terminating the probate dispute in favor of the Sorins. The Sorins voluntarily dismissed their wrongful death suit on October 28, 2010, and have not refiled.

¶ 7         On January 20, 2011, Grundhoefer filed her original complaint against the Sorins and defendant Roche, the attorney and law firm representing the Sorins in their underlying wrongful death suit. The trial court granted the defendants' section 2-615 motions to dismiss and granted Grundhoefer leave to file an amended complaint. Her second amended complaint contained five counts. Count I, for malicious prosecution, alleged that the Sorins lacked probable cause in bringing the wrongful death suit against Grundhoefer because they were not personal representatives or special administrators of David's estate, and also they should have known that their suit would be unsuccessful on the merits because they could not establish probable cause. Count II, for defamation *per se*, alleged that the Sorins, "upon information and belief," personally or through Roche, "communicated or otherwise published" the allegations of fact and circumstances contained in the wrongful death suit to "a reporter, journalist, writer, employee, representative and/or agent of the Chicago Sun-Times." Grundhoefer claimed that these false allegations imputed upon her the commission of the crime of involuntary manslaughter. Count III also alleged defamation *per se* against the Sorins regarding the publication of allegations that imputed upon Grundhoefer an inability or lack of integrity in the discharge of the duties of her employment as a medical doctor. Counts IV and V, against Roche, mirrored the defamation *per se* counts against the Sorins.

¶ 8         On March 11, 2013, the trial court granted the defendants' motions to dismiss pursuant to section 2-615. The trial court found that Grundhoefer's claim for malicious prosecution did not sufficiently allege an absence of probable cause, nor did it allege a special injury. It also found that the claims for defamation *per se* contained allegations based upon "information and belief," which did not satisfy the requirement that such claims "be pled with a heightened level of precision and particularity." Grundhoefer filed this timely appeal.

¶ 10    Grundhoefer appeals the trial court's dismissal of her complaint pursuant to section 2-615. A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86 (1996). A section 2-615 motion does not raise factual affirmative defenses; rather, it alleges defects on the face of the complaint. *Id*. In determining such a motion, the court reviews the complaint in the light most favorable to the plaintiff and accepts as true all well-pleaded facts, as well as all inferences reasonably drawn from those facts. *McGrath v. Fahey*, 126 Ill. 2d 78, 90 (1988). Thus, the question presented by a section 2-615 motion to dismiss is whether the pleadings contain sufficient facts which, if proven, could entitle plaintiff to relief. *Bryson*, 174 Ill. 2d at 86. "A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover." *Id*. at 86-87. We review the trial court's dismissal pursuant to section 2-615 *de novo*. *Vernon v. Schuster*, 179 Ill. 2d 338, 344 (1997).

¶ 11    First, Grundhoefer argues that the trial court erred in dismissing the malicious prosecution count of her complaint. "A malicious prosecution action is brought to recover damages suffered by one against whom a suit has been filed maliciously and without probable cause." *Miller v. Rosenberg*, 196 Ill. 2d 50, 58 (2001). The elements of a cause of action for malicious prosecution are: (1) the commencement or continuance by the defendant of an original judicial proceeding against the plaintiff; (2) termination of the original proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice; and (5) special damages. *Id*. In order to sustain an action for malicious prosecution, the plaintiff must prove each element. *Mangus v. Cock Robin Ice Cream Co.*, 52 Ill. App. 3d 110, 116 (1977).

¶ 12    The trial court below dismissed the malicious prosecution count of Grundhoefer's complaint, but addressed only two of the elements listed above: the absence of probable cause and special damages. The Sorins did not challenge the sufficiency of the other elements in their motion to dismiss and the trial court did not issue a finding on those elements in its order. The trial court's dismissal relative to those elements is therefore forfeited on appeal. *Area Erectors, Inc. v. Travelers Property Casualty Co. of America*, 2012 IL App (1st) 111764, ¶ 36 (the trial court cannot err in determining an issue not presented by the parties). We will, however, address whether Grundhoefer's complaint sufficiently alleged the absence of probable cause and special damages.

¶ 13    Probable cause in a malicious prosecution action "is a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Fabiano v. City of Palos Hills*, 336 Ill. App. 3d 635, 642 (2002). The complainant must have an honest belief at the time of initiating the action that another is probably guilty of the offense, and it is immaterial whether the accused is thereafter found not guilty. *Howard v. Firmand*, 378 Ill. App. 3d 147, 150 (2007). "It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, that is at issue." (Internal quotation marks omitted.) *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 72 (2003).

¶ 14    Grundhoefer's second amended complaint alleged that she was married to David Sorin and he died intestate. David's estate was filed in probate and the Sorins vigorously challenged the estate regarding a car they had given to Grundhoefer and David when they

married. While this contentious probate proceeding was pending, the Sorins filed a wrongful death suit against Grundhoefer alleging her negligence in prescribing Ambien to David when Grundhoefer knew of his propensity for sleepwalking when he had taken Ambien on prior occasions. The day after the Sorins filed the wrongful death suit against Grundhoefer, an article appeared in the Chicago Sun-Times about the case. Grundhoefer was contacted by the Dr. Phil show to appear on a segment about the dangers of Ambien, and although she was never served with the wrongful death suit, Grundhoefer felt compelled to report it to her malpractice insurance carrier, her employer, and the Illinois Department of Financial and Professional Regulation. Approximately one month later, an order was entered that terminated the probate proceeding in favor of the Sorins. A little over two months after the termination of the probate proceeding, the Sorins voluntarily dismissed the wrongful death suit against Grundhoefer and have not refiled. Grundhoefer alleged that the Sorins "attempted to use the Wrongful Death Suit in an effort to gain leverage against [her] in regards to the Probate Matter."[1]

¶ 15    We find that Grundhoefer's complaint pleads sufficient facts to survive a section 2-615 motion to dismiss on the probable cause issue. Grundhoefer alleged that the Sorins filed their suit in order to gain leverage against her in the contentious probate proceeding. Shortly after the probate proceeding ended in the Sorins' favor, they voluntarily dismissed the wrongful death suit against Grundhoefer and never refiled. What matters is the state of mind of the Sorins in instigating the wrongful death suit, not the actual facts of the case or whether Grundhoefer is actually guilty of the offenses contained therein. *Johnson*, 341 Ill. App. 3d at 72. The facts in Grundhoefer's complaint support a reasonable inference that when the Sorins filed the wrongful death suit they did not have an honest belief at the time that Grundhoefer was guilty of the offense, but instead had another motive for filing. Therefore, for purposes of a section 2-615 motion to dismiss, Grundhoefer's pleadings stated facts supporting her allegation that the Sorins lacked probable cause when they filed the wrongful death suit. The trial court erred in finding that Grundhoefer did not adequately plead this element of her malicious prosecution claim.

¶ 16    Our dissenting colleague would affirm the trial court's dismissal of the malicious prosecution count stating, "I find that they [(Sorins)] had an honest and sound suspicion that a claim against Grundhoefer was meritorious." *Infra* ¶ 31. Determining that question of fact is in the future for the trial court judge or jury. When reviewing a trial court's dismissal pursuant to section 2-615 of the Code, the motion "does not raise affirmative factual defenses but alleges only defects on the face of the complaint." *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86 (1996). Further, although the allegations in the Sorins' suit may allege probable cause, that in itself cannot support a section 2-615 dismissal of Grundhoefer's malicious prosecution claim where she alleged the Sorins filed the suit for improper reasons. "[W]here the circumstances giving rise to an alleged malicious prosecution are in dispute, the appropriate venue to resolve that dispute is before a jury and not by a court as a matter of law" especially if the dispute involves a question of credibility." *Howard*, 378 Ill. App. 3d at 151.

---

[1]Although Grundhoefer challenges the trial court's ruling on this issue due to lack of standing and failure to show proximate cause, we may affirm or reverse its ruling on a section 2-615 motion to dismiss on any basis found in the record. *Huang v. Brenson*, 2014 IL App (1st) 123231, ¶ 16.

¶ 17    We next review whether Grundhoefer suffered special damages arising from the proceedings. The trial court below found that Grundhoefer failed to plead sufficient facts showing she suffered "special injury over and above the ordinary expense and trouble in defending a lawsuit." It reasoned that Grundhoefer's claimed injuries, such as the damage to her professional reputation and the necessity of informing her employer, her malpractice insurance carrier, and the Department of Financial and Professional Regulation of the wrongful death suit filed against her, were found "inadequate" to meet the requirements of special injury by our supreme court in *Bank of Lyons v. Schultz*, 78 Ill. 2d 235, 239 (1980).

¶ 18    *Lyons*, however, did not involve an underlying claim alleging medical malpractice as we have here. Section 2-109 of the Code provides that in "cases alleging malicious prosecution arising out of proceedings which sought damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff need not plead or prove special injury to sustain his or her cause of action." 735 ILCS 5/2-109 (West 2012). In *Miller v. Rosenberg*, 196 Ill. 2d 50, 63 (2001), our supreme court upheld the constitutionality of this statutory provision, noting that there had been a crisis in the area of medical malpractice and the legislature passed certain provisions "as a disincentive for filing frivolous suits." (Internal quotation marks omitted.) The General Assembly intended the provision to increase the availability of filing a malicious prosecution claim for medical professionals as a means of punishing and discouraging the filing of unfounded medical malpractice cases. *Id.* Here, the Sorins' underlying suit alleged medical malpractice against Grundhoefer in prescribing Ambien to David. Pursuant to section 2-109, Grundhoefer need not plead special injury as an element of her malicious prosecution complaint and the trial court erred in finding that she did not sufficiently plead this element. Since we find that Grundhoefer's second amended complaint sufficiently pled the elements of absence of probable cause and special damages, it was error to grant the Sorins' motion to dismiss the count alleging malicious prosecution.

¶ 19    Grundhoefer also argues on appeal that the trial court erred in dismissing the defamation *per se* counts of her complaint. The arguments on this issue in Grundhoefer's brief, however, contain no citation to supporting authority in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013) (arguments in briefs "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"). Therefore, pursuant to Rule 341(h)(7), Grundhoefer has forfeited review of this issue on appeal.

¶ 20    Even on the merits, Grundhoefer does not prevail. In order to state a claim for defamation, Grundhoefer must plead facts showing that the defendant made a false statement, the defendant made an unprivileged publication of the false statement to a third party, and the publication caused her to suffer damages. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006). However, if a statement questions the professional integrity of the plaintiff, it qualifies as defamation *per se*. *Zych v. Tucker*, 363 Ill. App. 3d 831, 834 (2006). If the plaintiff pleads defamation *per se* arising from such a statement, she need not plead or prove actual damage to her reputation to recover since the law presumes injury in this situation. *Bryson*, 174 Ill. 2d at 87.

¶ 21    Grundhoefer acknowledges that the filing of the wrongful death suit is an absolute privilege not subject to defamation *per se* claims. See *Malevitis v. Friedman*, 323 Ill. App. 3d 1129, 1131 (2001). She alleges, however, that the Sorins and/or Roche defendants wrongfully publicized the contents of the litigation to the Chicago Sun-Times. Grundhoefer

alleged that the Sorins, "upon information and belief," personally or through Roche, "communicated or otherwise published" the allegations of fact and circumstances contained in the wrongful death suit to "a reporter, journalist, writer, employee, representative and/or agent of the Chicago Sun-Times."

¶ 22     In *Green v. Rogers*, 234 Ill. 2d 478 (2009), our supreme court addressed the issue of what constitutes a sufficient pleading in a defamation *per se* claim. It determined that since a claim for defamation *per se* need not allege actual damages, the plaintiff must plead such claims "with a heightened level of precision and particularity" in order to protect against baseless complaints and to protect defendants from harm to their reputations based on charges of serious wrongdoing. *Id*. at 494-95. The supreme court did not favor the use of "upon information and belief" (internal quotation marks omitted) language in the pleadings, noting that the pleadings "must plead the relevant facts on something more than [plaintiff's] mere 'belief.' " *Id*. at 495. However, it found that pleadings based "upon information and belief" could survive dismissal if the plaintiff sufficiently pleads the factual basis informing the plaintiff's belief. *Id*.

¶ 23     Here, Grundhoefer supported her claim that the Sorins and/or Roche publicized the wrongful death allegations with the fact that the article referred to Grundhoefer as an anesthesiologist (which she is), but the wrongful death claim merely referred to her as a licensed medical professional. The inclusion of this additional fact led Grundhoefer to conclude that "a party with knowledge (*i.e.* the Sorins) made the Chicago Sun-Times aware of the complaint." However, as the trial court below and defendants noted, the wrongful death suit filed in the circuit court of Cook County was available to the public and a reporter for the Chicago Sun-Times could have found the case simply by searching court records. Furthermore, although Grundhoefer argues that the article referred to her as an anesthesiologist where the wrongful death suit referred to her only as a licensed medical professional, that information was available simply by conducting a search of Grundhoefer on the Internet. The article itself also does not indicate whether the author spoke to someone who provided the information contained in the article. In fact, the article indicates otherwise, stating on the bottom of the page that "[n]either the Sorins nor their attorney could be reached." Since Grundhoefer does not plead what was said to the Chicago Sun-Times, when the statement was made, specifically to whom at the Chicago Sun-Times the statement was made, or how it was made, we find that her pleadings do not allege sufficient facts to state a cause of action for defamation *per se* and the trial court properly dismissed these counts. See also *Moore v. People for the Ethical Treatment of Animals, Inc.*, 402 Ill. App. 3d 62, 74 (2010) (where the plaintiff's complaint failed to plead what was said to defendant, when the statement was made to defendant, to whom the statement was made, and in what manner the statement was made, the plaintiff did not plead the substance of the statement "with sufficient precision and particularity" and thus "failed to adequately state a cause of action for defamation *per se*").

¶ 24     For the foregoing reasons, we affirm the trial court's dismissal of the defamation *per se* counts, but reverse the dismissal of the count pertaining to malicious prosecution and remand for further proceedings.

¶ 25     Affirmed in part and reversed in part; cause remanded.

¶ 26    JUSTICE CONNORS, dissenting.

¶ 27    I respectfully dissent. I would affirm the trial court's dismissal of all counts, including the count pertaining to malicious prosecution.

¶ 28    There are five elements for this cause of action as stated by the majority. It is agreed that the third element of a cause of action for malicious prosecution that must be pled with sufficient facts to withstand a motion to dismiss is the "absence of probable cause for the proceeding." The key word here is "absence." The allegation for the probable cause element has been defined as facts that would lead a person of ordinary care and prudence to have an honest and sound suspicion that their claim is meritorious. *Fabiano v. City of Palos Hills*, 336 Ill. App. 3d 635, 642 (2002). Importantly, "[i]t is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, that is at issue" in deciding the element of probable cause. (Internal quotation marks omitted.) *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 72 (2003). Grundhoefer's amended complaint must allege the absence of probable cause. Or, in other words, Grundhoefer must allege that a person of ordinary caution and prudence would not be led to have an honest and sound suspicion that Grundhoefer would be liable in the wrongful death suit. She fails to so allege.

¶ 29    Grundhoefer's relevant allegations attempting to show that the Sorins lacked probable cause to initiate the proceeding in the wrongful death action pertain to the question of proximate cause of David's death. Grundhoefer alleged "proximate cause was not, and could never be, established." However, the question of probable cause to initiate a proceeding and *proximate cause* of death are two distinct questions. Moreover, it is not Grundhoefer's burden to prove that she did not proximately cause David's death. In conflating the two concepts, Grundhoefer convinces the majority that her second amended complaint sufficiently alleges the absence of probable cause to initiate the wrongful death action. I disagree and instead agree with the trial court's conclusion that "[e]ven a jury finding that David Sorin *proximately caused* his own death would not unequivocally lead this Court to conclude that the Sorins Defendants lacked *probable cause* to bring their wrongful death suit." (Emphases added.)

¶ 30    In order to satisfy an "absence of probable cause" prong, Grundhoefer accuses the Sorins' suit of concluding–without supporting facts–that David ingested Ambien and that the use of Ambien caused his death. However, in their complaint, the Sorins alleged that Grundhoefer, as a physician, negligently prescribed Ambien to the decedent knowing that he suffered from a serious life-threatening side effect of sleepwalking when he took the drug. Moreover, the Sorins alleged that there was a prior incident when the decedent, after ingesting Ambien, engaged in sleepwalking and other dangerous activity.

¶ 31    These allegations highlight the Sorins' beliefs at the time they initiated their wrongful death suit. I find that they had an honest and sound suspicion that a claim against Grundhoefer was meritorious. Grundhoefer's amended complaint cannot ignore this fact by calling that suspicion a mere "conclusion."

¶ 32    Furthermore, the fact that Grundhoefer's amended complaint contains other, possible "proximate causes" for David's death is not part of a proper analysis. For example, Grundhoefer's allegation that the decedent was the cause of his own death does not enter into any analysis because it does not speak to the Sorins' beliefs upon commencing the prosecution. This version of events is Grundhoefer's perspective and does not reflect the state

of mind of the Sorins. The only issue is whether the complainants had an honest suspicion that Grundhoefer was liable in a wrongful death action, not whether there were possible additional proximate causes of the death of their son.

¶ 33 Likewise, Grundhoefer's allegation that the Sorins filed their wrongful death action to gain leverage in the probate proceeding does not negate the Sorins' honest suspicion that Grundhoefer was negligent in dispensing the Ambien to David Sorin. Again, the only consideration for us is the state of mind of the Sorins at the time of the filing of their action. *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 72 (2003). The fact that Grundhoefer is able to allege and include other, possible reasons for the filing of the wrongful death suit does not negate the fact that she is unable to show the "absence" of probable cause at the time the Sorins filed their complaint.

¶ 34 In its analysis, the majority agrees with and cites *Johnson* but then, in paragraphs 14 and 15, goes on to consider the allegations in Grundhoefer's amended complaint which, as discussed herein, is not a proper analysis of this issue. I would affirm the trial court's dismissal of the malicious prosecution count of Grundhoefer's complaint.

¶ 35 For the above reasons, I would affirm the trial court on all counts.