# Illinois Official Reports

## Appellate Court

---

### *Grundhoefer v. Sorin*, 2018 IL App (1st) 171068

---

| | |
|---|---|
| Appellate Court Caption | DAVA GRUNDHOEFER, Plaintiff-Appellant, v. JOHN SORIN and BETTE SORIN, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-17-1068 |
| Filed | July 9, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-L-000361; the Hon. John. H. Ehrlich, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Novoselsky Law Offices, P.C., of Waukegan (David Novoselsky, of counsel), for appellant.<br><br>Cozen O'Connor, of Chicago (Richard A. Devine, James G. Argionis, and Corey T. Hickman, of counsel), for appellees. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Dava Grundhoefer, appeals the order of the circuit court granting summary judgment in favor of defendants, John Sorin and Bette Sorin, on Grundhoefer's malicious prosecution claim. On appeal, Grundhoefer contends the trial court erred in granting summary judgment where the court (1) failed to follow the law of the case doctrine thereby disregarding a prior appellate court ruling on the issue of damages and (2) improperly decided contested issues of fact regarding damages and probable cause that should have been left for a jury to determine. For the following reasons, we affirm.

¶ 2                              JURISDICTION

¶ 3    The trial court granted the Sorins' motion for summary judgment on January 19, 2017. Grundhoefer filed a motion to reconsider and vacate, which the trial court denied on April 26, 2017. Grundhoefer filed a notice of appeal on April 27, 2017. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017), governing appeals from final judgments entered below.

¶ 4                              BACKGROUND

¶ 5    The following facts relevant to this appeal are taken from our opinion in Grundhoefer's prior appeal, *Grundhoefer v. Sorin*, 2014 IL App (1st) 131276. Grundhoefer, a licensed physician, was married to the Sorins' son David. David died on August 11, 2008, when he suffered a fall while climbing on the outside of their residence. He died intestate, and his estate was filed in probate. Grundhoefer was appointed administrator of the estate, and she served upon the Sorins a citation to discover assets. A dispute between the parties arose during these proceedings, specifically regarding the ownership of a 2007 Hyundai Santa Fe vehicle. On July 21, 2010, while the probate dispute was pending, the Sorins filed a wrongful death claim against Grundhoefer in which they alleged that Grundhoefer prescribed Ambien to David even though a side effect of taking the drug is sleepwalking, and she knew of David's propensity for sleepwalking. The complaint alleged that Grundhoefer's actions in prescribing Ambien to David were "negligent" or "careless," and proximately caused David's death.

¶ 6    Grundhoefer claimed she was never served with the wrongful death complaint and only learned of its existence from a July 22, 2010, Chicago Sun-Times (Sun-Times) article discussing the case. Grundhoefer alleged that as a result of the article, a producer from the television show Dr. Phil contacted her to appear on a show about Ambien. Grundhoefer alleged that the wrongful death claim was reported to her malpractice insurance carrier, her employer, and the Illinois Department of Financial and Professional Regulation. On August 17, 2010, an order was entered terminating the probate dispute in favor of the Sorins. The Sorins voluntarily dismissed their wrongful death complaint on October 28, 2010, and have not refiled.

¶ 7    On January 20, 2011, Grundhoefer filed her original complaint against the Sorins and against James J. Roche and James J. Roche Associates, the attorney and law firm representing the Sorins in their underlying wrongful death claim. Her second amended complaint contained five counts alleging malicious prosecution and defamation *per se* against defendants. On March 11, 2013, the trial court granted the defendants' motions to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)), finding that

Grundhoefer's claim for malicious prosecution did not sufficiently allege an absence of probable cause, nor did it allege a special injury. It also found that the claims for defamation *per se* contained allegations based upon "information and belief," which did not satisfy the requirement that such claims "be pled with a heightened level of precision and particularity."

¶ 8    Grundhoefer appealed, and this court affirmed dismissal of the defamation *per se* counts in the complaint but reversed the dismissal of the malicious prosecution count against the Sorins. See *Grundhoefer*, 2014 IL App (1st) 131276. The case was remanded and after discovery had been conducted, the Sorins filed a motion for summary judgment. They alleged that Grundhoefer failed to provide any evidence to support the elements of her malicious prosecution claim. After a hearing, the trial court granted summary judgment in favor of the Sorins, and Grundhoefer filed this timely appeal.

¶ 9                                        ANALYSIS

¶ 10    First, Grundhoefer argues that the law of the case doctrine precludes the trial court's consideration of the probable cause and damages issues below. The law of the case doctrine provides that "questions of law decided on a previous appeal are binding on the trial court on remand as well as on the appellate court on a subsequent appeal." *Norris v. National Union Fire Insurance Co. of Pittsburgh*, 368 Ill. App. 3d 576, 580 (2006). The doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided." *People v. Patterson*, 154 Ill. 2d 414, 468-69 (1992). It applies to a court's explicit decisions as well as issues decided by necessary implication. *CNA International, Inc. v. Baer*, 2012 IL App (1st) 112174, ¶ 39. The doctrine, however, does not apply to issues of fact or matters concerning the claim that were not decided by the appellate court. *Zokoych v. Spalding*, 84 Ill. App. 3d 661, 667 (1980).

¶ 11    Grundhoefer's prior appeal involved the trial court's dismissal of her malicious prosecution claim pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)). The question presented by a section 2-615 motion to dismiss is whether the pleadings contain sufficient allegations which, if proven, could entitle the plaintiff to relief. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86-87 (1996). In the instant appeal, however, the trial court below ruled on a motion for summary judgment. "Upon reaching the summary judgment stage of [the] proceedings, we have moved beyond an examination of the sufficiency of the pleadings to a determination of whether there are any material issues of fact to advance to a full trial." *Holland v. Arthur Andersen & Co.*, 212 Ill. App. 3d 645, 650 (1991). If the moving party provides evidence that, if not contradicted, would entitle the party to judgment as a matter of law, the nonmoving party cannot rely on her pleadings alone to raise issues of material fact. *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st) 130023, ¶ 9. In other words, "[t]hat which may be sufficient to plead a cause of action does not necessarily survive a summary judgment motion." *Drinane v. State Farm Mutual Automobile Insurance Co.*, 222 Ill. App. 3d 805, 810 (1991). Since the trial court did not consider the same issues in the motion to dismiss as it did in the motion for summary judgment, the law of the case doctrine has no application here. Therefore, we examine whether the trial court's grant of summary judgment on Grundhoefer's malicious prosecution claim was proper.

¶ 12    The trial court properly grants summary judgment where the pleadings, depositions, and admissions on file, along with any affidavits, show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Robidoux v. Oliphant*, 201 Ill.

2d 324, 335 (2002). Although Grundhoefer need not prove her case at the summary judgment stage, as the nonmoving party she must present a factual basis that would arguably entitled her to a judgment. *Id.* We review the trial court's grant of summary judgment *de novo. Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).

¶ 13    "A malicious prosecution action is brought to recover damages suffered by one against whom a suit has been filed maliciously and without probable cause." *Miller v. Rosenberg*, 196 Ill. 2d 50, 58 (2001). To establish a claim for malicious prosecution, a party must allege facts showing (1) the commencement or continuation of an original civil or criminal proceeding, (2) termination of the proceeding in her favor, (3) absence of probable cause for the proceeding, (4) presence of malice, and (5) damages resulting to her. *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996). Grundhoefer contends summary judgment was improper where a question of fact exists as to the element of probable cause.

¶ 14    Probable cause is defined as a "set of facts that would lead a person of ordinary caution and prudence to believe that he had a justifiable claim against the defendant." *Keefe v. Aluminum Co. of America*, 166 Ill. App. 3d 316, 317 (1988). Probable cause acts as a complete defense in an action for malicious prosecution. *Ely v. National Super Markets, Inc.*, 149 Ill. App. 3d 752, 758 (1986). The issue of probable cause as an element of a malicious prosecution claim is a mixed question of law and fact. *Id.* Whether the circumstances proving probable cause are true is a question of fact, but whether these circumstances amount to probable cause is a question of law for the courts. *Id.*

¶ 15    In their wrongful death complaint, the Sorins alleged that Grundhoefer was negligent in prescribing Ambien to David even though she was aware of its side effects and David's sleepwalking episodes. They alleged that she also breached her duty of care by failing to warn David or the Sorins "of the potentially harmful risks and side-effects of Ambien." In her deposition, however, Grundhoefer testified that she did not prescribe Ambien to David; rather, it was David's father, Dr. Sorin, who had prescribed it to him in the past, and the family knew David was taking Ambien. Grundhoefer stated that she got this information from David's sister after his death. Where the existence of probable cause to initiate the proceedings rests on the credibility of the parties, the issue is generally one of fact for the fact finder and summary judgment is not appropriate. *Howard v. Firmand*, 378 Ill. App. 3d 147, 151 (2007).

¶ 16    We find, however, that summary judgment was proper here where Grundhoefer failed to establish the damages element of her malicious prosecution claim. Summary judgment is appropriate where the absence of one or more of the essential elements of a malicious prosecution claim "has been established to the point that it may fairly be said that no genuine issue of fact as to its absence exists." *Joiner v. Benton Community Bank*, 82 Ill. 2d 40, 45 (1980).

¶ 17    When the underlying lawsuit in a malicious prosecution claim is a civil proceeding, common law requires that the plaintiff plead and prove some special injury " 'beyond the anxiety, loss of time, attorney fees, and necessity for defending one's reputation, which are an unfortunate incident of many (if not most) lawsuits.' " *Stopka v. Lesser*, 82 Ill. App. 3d 323, 325 (1980) (quoting *Lyddon v. Shaw*, 56 Ill. App. 3d 815, 818 (1978)). This requirement is based on the premise that "the courts are open to every citizen to claim what 'he deems to be his right without fear of being prosecuted for heavy damages.' " *Cult Awareness Network v. Church of Scientology International*, 177 Ill. 2d 267, 280-81 (1997) (quoting *Smith v. Michigan Buggy Co.*, 175 Ill. 619, 628 (1898)).

¶ 18    However, in response to what it perceived as a crisis in medical malpractice litigation, the General Assembly enacted section 2-109 to make a suit for malicious prosecution more available as a means to discourage and punish frivolous medical malpractice lawsuits. *Miller*, 196 Ill. 2d at 63-64. Section 2-109 provides:

> "In all cases alleging malicious prosecution arising out of proceedings which sought damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff need not plead or prove special injury to sustain his or her cause of action." 735 ILCS 5/2-109 (West 2016).

The parties do not dispute that section 2-109 applies. Grundhoefer, however, contends that not only does section 2-109 exempt her from having to plead or prove special damages, but it also presumes damages so that she need not establish that element on a motion for summary judgment. Grundhoefer argues that requiring her to prove her career has suffered, or that she has been financially damaged, would run counter to the legislative purpose of section 2-109.

¶ 19    We disagree with this interpretation of section 2-109. Our primary objective in interpreting a statute is to ascertain and give effect to legislative intent as indicated by the statutory language, given its plain and ordinary meaning. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009). Section 2-109 merely states that "the plaintiff need not plead or prove special injury to sustain his or her cause of action." 735 ILCS 5/2-109 (West 2016). Nothing in the plain words of section 2-109 indicates that the General Assembly intended to presume damages, or to eliminate the need to plead or prove the element of damages in a malicious prosecution claim.

¶ 20    In her claim for malicious prosecution, Grundhoefer alleged as damages the loss of her "professional reputation and patients." She alleged that when the Sorins filed their wrongful death suit against her, she had to "file a claim under professional malpractice insurance" and "answer to the boards." The Sorins, however, argued that Grundhoefer's allegations of damages "have proven to be either speculative, false, or non-existent." They noted that they voluntarily withdrew the suit before summons was served. They also pointed to deposition testimony in which Grundhoefer stated that she assumed her supervisors reported the wrongful death suit to their insurance carrier and the Department of Financial and Professional Regulation, but she did not possess any documents showing such reports. Grundhoefer's physician profile also contains no reportable events in her record, and her expert witness, Dr. Atkins, confirmed that because the wrongful death suit did not result in a judgment or settlement, Grundhoefer was not required to report it.

¶ 21    Nevertheless, Grundhoefer, without citation to authority, claims she sufficiently established damages. Despite the absence of supporting documentation, she contends she has no reason to believe her supervisors at the University of Illinois at Chicago did not report the lawsuit to their insurance carrier or the Department of Financial and Professional Regulation. Furthermore, if a prospective employer were to ask whether a claim has ever been filed against her, she would have to answer truthfully and list the Sorins' suit. Grundhoefer contends she has been damaged because Dr. Atkins opined that he would normally hire an equally-qualified physician who did not have a malpractice suit on his or her record. However, as discussed above, the Sorins' suit does not appear in Grundhoefer's professional records and her damages claims are based on what might have happened or may happen in the future. While we find understandable Grundhoefer's concerns about how colleagues and prospective employers might view her if they knew of the lawsuit, she cannot rely on pure speculation or conjecture to establish damages. *Perfection Corp. v. Lochinvar Corp.*, 349 Ill. App. 3d 738, 744 (2004).

¶ 22 Grundhoefer also alleged damages in the form of lost opportunity. Specifically, she claimed she would have liked to work at Northwestern or in Chicago but was not offered those fellowships. She believed that John Sorin, a physician at Northwestern, may have "[done] something affirmatively" to keep her from those opportunities. Grundhoefer, however, did not have any information to support this claim and acknowledged that Northwestern gets "a lot of qualified candidates." This unsupported and self-serving deposition testimony is not sufficient to withstand a motion for summary judgment. See *id.*

¶ 23 Furthermore, Grundhoefer makes no allegation that her malpractice insurance has been affected by the suit, and when asked whether she "paid for any attorneys' fees related" to the wrongful death suit, Grundhoefer answered, "For this part, no." She stated that she incurred attorneys' fees in connection with the probate case. Grundhoefer is presently working and does not allege that she has had difficulty finding employment or attracting patients as a result of the Sorins' suit. Although she acknowledged she has not suffered monetary damages, she wonders "where [she] would be or what [her] life would be like without [the wrongful death suit]." Again, such speculation cannot be the basis of a damages award. *Id.*

¶ 24 Although Grundhoefer need not prove damages at the summary judgment stage, as the nonmoving party she must present a factual basis for damages that would arguably entitle her to a judgment. *Robidoux*, 201 Ill. 2d at 335. Since she has not established the damages element, summary judgment in favor of the Sorins was proper. See *Swick*, 169 Ill. 2d at 512 (finding that a plaintiff must establish all five elements in order to pursue a malicious prosecution claim).

¶ 25 For these reasons, the judgment of the circuit court is affirmed.

¶ 26 Affirmed.