2021 IL App (1st) 201137-U

FIFTH DIVISION
Order filed: November 5, 2021

No. 1-20-1137

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| JAMES AYOT, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20 L 109 |
| | ) | |
| ROBERT BERLIN, PATRICIA McCONNELL, DIANE | ) | |
| SALTOUN, DuPAGE COUNTY STATE'S | ) | |
| ATTORNEY'S OFFICE, OFFICE OF THE ILLINOIS | ) | |
| ATTORNEY GENERAL | ) | Honorable |
| | ) | Jerry A. Esrig, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirmed the order of the circuit court dismissing the plaintiff's amended complaint

for the failure to state a cause of action and sanctioning the plaintiff for filing a frivolous pleading.

¶ 2    The plaintiff, James Ayot, appeals, *pro se*, from an order of the circuit court of Cook County, dismissing his amended complaint against the defendants, Robert Berlin, Patricia McConnell, Diane Saltoun, the DuPage County State's Attorney's Office, and the Office of the Illinois Attorney General. For the reasons that follow, we affirm.

¶ 3    On January 3, 2020, the plaintiff filed a complaint entitled "Complaint of RICO violations and fraud." The complaint named Robert Berlin, the DuPage County State's Attorney, and the DuPage County State's Attorney's Office as defendants (The County Defendants). The complaint also named Patricia McConnell and the Office of the Illinois Attorney General as defendants (The State Defendants). The complaint alleged that the plaintiff was "kept in filthy conditions and denied a vegetarian diet as ordered by doctors" while serving a 30-day prison sentence in DuPage County jail for contempt of court. After he filed a federal complaint alleging "torture" regarding his treatment (case no. 17 CV 6750), the County Defendants engaged in a campaign of harassment against him and "criminal conduct" during that litigation. He also alleged that employees of the Office of the Illinois Attorney General, including Patricia McConnell, were aware of this conduct and did not intervene.

¶ 4    The County Defendants and the State Defendants each filed a motions to dismiss the plaintiff's complaint, asserting grounds under both section 2-615 and section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2020)). In addition, the County Defendants filed a motion pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) for sanctions, arguing that the plaintiff's complaint was "frivolous and vexatious." The motion alleged that the plaintiff had a history of filing multiple frivolous lawsuits in both state and federal court and that the plaintiff had been enjoined from filing additional federal complaints by the executive

committee of United States District Court for the Northern District of Illinois. The motion requested an order barring the plaintiff from filing additional pleadings, an award of attorney fees, and a restriction on filing further lawsuits without the prior approval of the court. The plaintiff responded to both motions, and in addition, sought sanctions against the County Defendants under Illinois Supreme Court Rule 137.

¶ 5     On March 16, 2020, before the circuit court ruled on the defendants' pending motions, the plaintiff filed a motion for leave to file an amended complaint, which the circuit court granted. The plaintiff filed his amended complaint, adding Diane Saltoun, an employee of the Office of the Illinois Attorney General, as a defendant (hereinafter included with the State Defendants).

¶ 6     The facts alleged in the amended complaint are as follows. On or around March 20, 2017, the plaintiff discovered that the DuPage County State's Attorney's Office was "fraudulently claiming on Vinelink" that he had four open and pending cases for violently attacking women and children. Vinelink is a website run by both the DuPage County State's Attorney's Office and the Illinois Attorney General's Office. The plaintiff contacted the DuPage State's Attorney's Office to correct the information and they refused. He prepared a motion to compel and appeared before Judge Bugos in the DuPage County circuit court. During the hearing before Judge Bugos, Assistant State's Attorney (ASA) Patrick Collins from DuPage County told the court that the DuPage County State's Attorney Office had nothing whatsoever to do with Vinelink. Based on this representation, Judge Bugos "thr[e]w [the plaintiff] out of his court room" and later scheduled a contempt of court hearing against him. The plaintiff contacted the Office of the Attorney General for assistance, but the employee he spoke with, Diane Saltoun, refused to assist him. Faced with this "official stonewalling," the plaintiff pursued the matter in federal court where he obtained a court order requiring that the information on Vinelink be corrected.

¶ 7    The amended complaint also alleged that, when the plaintiff appeared before Judge Bugos in the circuit court of DuPage County on contempt charges, Judge Bugos and ASA Collins "felt humiliated" by the federal court ruling, and as a consequence, he was found in contempt of court and sentenced to 30 days imprisonment. While in custody, the plaintiff was kept in a "filthy cell and not allowed to change his clothes or shower for 15 days." He was also not fed for two weeks. The plaintiff described his treatment as "revenge" for humiliating the DuPage County State's Attorney's Office. The plaintiff reported his mistreatment to another employee of the Office of the Illinois Attorney General, Patricia McConnell, but she took no action. In response to this treatment, the plaintiff filed a federal complaint (case no. 17 CV 6750) and served the DuPage County State's Attorney's office. However, the defendants used "illegal and unethical conduct" to frustrate that litigation.

¶ 8    The amended complaint was not divided into counts but included subheadings including: "aiding and abetting"; "abuse of office and malicious prosecution"; "fraud" and "evidence tampering and suppression." The amended complaint concluded that these actions by the County Defendants constituted "classic RICO mafia style" and that they were "facilitated and protected" by the State Defendants. The plaintiff sought $7.5 million in damages.

¶ 9    On June 18, 2020, the County Defendants filed a combined motion to dismiss the amended complaint under to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). The County Defendants sought dismissal pursuant to section 2-615, arguing that the plaintiff's amended complaint failed to state a cause of action, but rather consisted of "mere conclusions, opinions, complaints, and generalities that do not sufficiently or reasonably inform the Defendant of any cause(s) of action or even the nature of the claim." The County Defendants sought dismissal under

section 2-619 asserting estoppel based upon prior decisions involving similar allegations which were dismissed by the federal court in case number 17 CV 6750 and the circuit court of DuPage County in case number 16 L 840. In the alternative, the County Defendants argued that venue was improper in Cook County under section 2-103(a) of the Code of Civil Procedure (735 ILCS 5/2103(a) (West 2020)).

¶ 10    On June 23, 2020, the State Defendants also filed a combined motion under section 2619.1 of the Code. The State Defendants sought dismissal pursuant to section 2-615, arguing that the plaintiff's amended complaint failed to state a cause of action. Under section 2-619, the State Defendants sought dismissal, asserting sovereign immunity.

¶ 11    On September 18, 2020, the circuit court granted both motions. The circuit court found that the plaintiff's amended complaint failed to allege sufficient facts to support his claims. The court also found that the plaintiff's claims of aiding and abetting against the State Defendants were barred by sovereign immunity and that the plaintiff was collaterally estopped from relitigating the issues decided and dismissed with prejudice by the federal court in case no. 17 CV 6750 and the circuit court in case 16 L840. In addition, the circuit court granted the County Defendants' motion for Rule 137 sanctions and barred the plaintiff from filing any further proceedings related to the events described in the complaint. The court denied the plaintiff's motion for sanctions and dismissed the plaintiff's amended complaint with prejudice. This appeal followed.

¶ 12    Before addressing the merits of this appeal, we first address the brief filed by the plaintiff. Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) governs the form and content of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Compliance with Rule 341 is mandatory, and the fact that a party appears *pro se* does not relieve him from complying, as nearly as possible, with the rules for practice before this court. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8; see also

*Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7 ("An appellant's *pro se* status does not alleviate the duty to comply with our supreme court's rules governing appellate procedure.").

¶ 13    We find the plaintiff's brief fails to comply with Rule 341(h) in numerous respects. First, there is no table of contents as required by Rule 341(h)(1). The brief's statement of facts is incomplete and fails to satisfy Rule 341(h)(6). The plaintiff's two-paragraph statement of facts does not include "all facts necessary for an understanding of the appeal" and lacks citations to the record. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The argument section is similarly deficient. Contrary to the requirements of Rule 341(h)(7), the argument section of the plaintiff's brief contains no citations to the record and the plaintiff's arguments are not supported by citation to authorities. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 14    When a brief fails to comply with the requirements of Rule 341, it is within our discretion to strike the brief and dismiss the appeal. *McCann*, 2015 IL App (1st) 141291, ¶ 12 (citing *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77). However, in this case the issues are simple and we have the benefit of cogent appellees' briefs. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Accordingly, we will exercise our discretion to address the appeal on its merits. *Id.* Nevertheless, we will treat as forfeited any inadequately supported arguments.

¶ 15    In dismissing the plaintiff's amended complaint, the circuit court found that the amended complaint failed to set forth a cause of action, that the action against the State Defendants is barred by the doctrine of sovereign immunity, and that the plaintiff is collaterally estopped from relitigating the issues which were decided and dismissed by federal court in case number 17 CV 6750 and the circuit court of DuPage County in case number 16 L 840. We review the circuit

court's dismissal under either section 2-615 or section 2-619 of the Code *de novo,* independent of the reasoning of the circuit court. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29.

¶ 16    We address first the propriety of the circuit court's dismissal of the plaintiff's action on section 2-615 grounds. When a complaint is dismissed pursuant to section 2-615 of the Code, the only question before this court is whether the complaint stated a cause of action upon which relief could be granted. *Kirchner v. Green,* 294 Ill. App. 3d 672, 679 (1998). In performing our review, we take all well pled facts in the subject complaint as true and draw all reasonable inferences from those facts which are favorable to the plaintiff. *Ziemba v. Mierzwa,* 142 Ill. 2d 42, 47 (1991). However, conclusions of law or fact contained within the complaint that are unsupported by allegations of specific fact are not taken as true. *Id.*

¶ 17    As noted earlier, the plaintiff's amended complaint was not pled in counts, making it difficult to determine whether it was intended to plead a single cause of action under the Racketeer Influenced and Corrupt Organization (RICO) Act (18 USC § 1961 *et seq.* (West 2018)) or multiple causes of action for a RICO Act violation, aiding and abetting, fraud, and malicious prosecution. We will address the question of whether the amended complaint stated a cause of action under any of these theories.

¶ 18    The plaintiff alleged that the County Defendants violated the RICO Act . Section 1964 of the RICO Act (18 USC § 1964 (West 2018)) provides civil remedies for RICO Act violations. A complaint alleging a RICO Act violation must allege: an injury to the plaintiff's business or property by reason of the defendant's violation of section 1962 (18 USC § 1962 (West 2018)). See *DeGuelle v. Camilli¸*664 F.3d 192, 198 (7th Cir. 2011). To state a claim under section 1962, the plaintiff was required to allege (1) conduct of (2) an enterprise (3) through a pattern of racketeering

activity. *Id.* at 199. Racketeering activity has a broad definition that includes, for example, murder, kidnapping, gambling, arson, robbery, bribery, extortion, and other serious criminal offenses. See 18 USC § 1961(1) (West 2018).

¶ 19     In the plaintiff's amended complaint, there are no allegations of a "pattern of racketeering activity." The plaintiff merely alleges in conclusory terms that various court proceedings were decided against him, and that the County Defendants misled the courts. In short, there are no allegations of criminal behavior. For example, the plaintiff argues that he did not expect the assistant State's Attorney to "blatantly lie." There are no facts pled to support this conclusion. The plaintiff's amended complaint fails to state a cause of action under the RICO Act.

¶ 20     In order to state a claim for aiding and abetting, a plaintiff must allege the following: (1) the party whom the defendant aided performed a wrongful act that caused an injury; (2) the defendant was generally aware of his role as part of the overall wrongful or tortious activity when he provided the assistance; and (3) the defendant knowingly and substantially assisted in the principal violation. *Johnson v. Filler*, 2018 IL App (2d) 170923, ¶ 16. In this case, the plaintiff's claim of aiding and abetting fails to allege action by the State Defendants that substantially assisted the County Defendants in the performance of any wrongful or tortious conduct. The amended complaint alleges nothing more than that the State Defendants decided not to investigate or take other action in response to the plaintiff's complaints about the County Defendants. Failure to take action after the fact does equate with knowingly and substantially assisting in the principal violation. Therefore, we conclude the plaintiff's amended complaint fails to state a cause of action for aiding and abetting.

¶ 21     In order to state a cause of action for malicious prosecution, a plaintiff must allege (1) the commencement or continuation by the defendant of an original judicial proceeding against the

plaintiff; (2) termination of the original proceeding in favor of the plaintiff; (3) absence of probable cause for the proceedings; (4) malice; and (5) special damages. *Grundhoefer v. Sorin,* 2014 IL App (1st) 131276, ¶ 11. The factual allegations contained in the plaintiff's amended complaint fail to support any of the elements. The amended complaint fails to state a cause of action for malicious prosecution.

¶ 22    In order to set forth a cause of action for fraud, a complaint must allege with particularity: (1) a false statement of material fact made by the defendant; (2) knowledge or belief by the defendant that the statement was false; (3) an intention to induce the plaintiff to act; (4) action by the plaintiff in reasonable reliance upon the truth of the statement; and (5) damage to the plaintiff resulting from that reliance. *Avon Hardware Co. v. Ace Hardware Corp.,* 2013 IL App (1st) 130750, ¶ 15. The plaintiff's amended complaint failed to allege facts in support of each of the elements of fraud.

¶ 23    Finally, there are no known private causes of action for abuse of office or evidence tampering and suppression.

¶ 24    In summary, the plaintiff's amended complaint failed to state any cause of action upon which relief could be granted and was, therefore, properly dismissed by the trial court. Having found that the plaintiff's amended complaint failed to state a cause of action, we find it unnecessary to discuss the dismissal based on the section 2-619 grounds of sovereign immunity or collateral estoppel

¶ 25    Likewise, we find it unnecessary to discuss the propriety of the circuit court's order sanctioning the plaintiff for filing frivolous pleadings. The plaintiff raised no challenge to the sanctions provision of the circuit court's order in his brief in this appeal, and accordingly the issue is waived. Ill. S. C. R 341(h)(7)(eff. Oct 1, 2020).

¶ 26     For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 27     Affirmed.